UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARIK PRICE, | No. 2:14-cv-0866 EFB P |
| Petitioner, | |
| v. | ORDER[1] |
| RAFAEL ZUNIGA, | |
| Respondent. | |

Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the petition, construed as a § 2255 motion, must be dismissed for lack of jurisdiction.

Petitioner is incarcerated at the Federal Correctional Institution in Herlong, California. In 1999, he was sentenced following his convictions in the United States District Court, Eastern District of Pennsylvania, of violating 18 U.S.C. § 1951 (conspiracy to interfere with interstate commerce; interference with interstate commerce by robbery) and 18 U.S.C. § 2 (aiding and abetting). He was also sentenced following his convictions of violating 18 U.S.C. § 924(c) (use of a firearm during a crime of violence) and 18 U.S.C. § 2 (aiding and abetting). *See* ECF No. 1

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

at 2.  On direct appeal, the U.S. Court of Appeals for the Third Circuit affirmed the convictions. *Id.*  In 2001, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which the district court denied.  *Id.*  Thereafter, the Third Circuit declined to issue a certificate of appealability.  *Id.*

Generally, a challenge to the legality of a petitioner's sentence should be brought under § 2255 in the court in which the petitioner was sentenced, rather than under 28 U.S.C. § 2241 in the court for the district in which the petitioner is confined.  *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam) ("[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.").  This general rule has one exception.  Under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in the custodial court, so long as his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; 28 U.S.C. § 2255(e).  "[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and quotation marks omitted).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Id.*  The Ninth Circuit has clarified that "a purely legal claim has nothing to do with factual innocence [and thus,] is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."  *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (internal citations and quotations omitted).

Here, petitioner does not allege that he did not commit the acts underlying his convictions. Nor does he advance any evidence to prove his factual innocence. Instead, petitioner argues that because of a recent change in the law, *Rosemond v. United States*, 134 S. Ct. 1240 (2014), he could not legally have been convicted of aiding and abetting another in the use of a firearm pursuant to 18 U.S.C. §§ 2, 924(c). ECF No. 1 at 6-8. *Rosemond* clarified that an active participant in a crime of violence has the intent needed to aid and abet a § 924(c) violation when he knows, in advance, that one of his confederates will carry a gun. Petitioner argues that no reasonable juror would have convicted him under this standard because "the Government did not present any evidence that [he] ha[d] any *prior* knowledge that a firearm would be used . . . ." ECF No. 1 at 8 (emphasis added). This, however, is a challenge to the legality of his conviction and sentence. It is not a factual showing that petitioner did not commit the acts underlying the offense of aiding and abetting another in the use of a firearm.

As noted, petitioner previously filed a § 2255 motion attacking the conviction and sentence challenged in this case. He has not shown that the remedy afforded in those proceedings was "inadequate or ineffective" to allow him to challenge his sentence. Moreover, petitioner fails to make a claim of actual innocence. For these reasons, the petition must be construed as another or successive § 2255 petition, *see Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001), and it must be dismissed for lack of jurisdiction, *Harrison*, 519 F.3d at 957 (jurisdiction over a motion under § 2255 lies only in the sentencing court).

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and the court declines to issue a certificate of appealability.

Dated: June 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE